IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINETTE GEORGETTE SHOWELL, | ) | Case No. 3:17-cv-50 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| PA DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

I.  Introduction

Pending before the Court is the Motion to Dismiss for Failure to State a Claim filed by Defendant PA Department of Corrections ("the Department" or "DOC"). (ECF No. 8.) Plaintiff Vinette Georgette Showell ("Ms. Showell")[1] filed a number of *potentially* responsive documents on July 25, 2018 (*see* ECF Nos. 12-15), and the deadline to respond to the Department's Motion to Dismiss passed on August 2, 2018. Therefore, the instant Motion is ripe for disposition.

The factual allegations and claims alleged by the Complaint are, at best, very unclear. (*See* ECF No. 1.) However, this case appears to involve allegations that the Department mistreated Ms. Showell, who was evidently employed in an unspecified capacity with the Department. (*See id.*) The Department asks this Court to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Federal

---

[1] Ms. Showell has pursued this litigation *pro se* since its inception on April 3, 2017.

Rule of Civil Procedure 12(b)(6) because of the lack of cognizable, non-conclusory factual allegations.

For the reasons that follow, this Court will **GRANT** the Department's Motion to Dismiss (ECF No. 8), but will grant Ms. Showell leave to amend her Complaint.

## II. Jurisdiction and Venue

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because, as discussed *infra* Part III and Part VI, the Complaint seeks to assert what appear to be claims based on violations of federal law. (*See* ECF No. 1.)

At least preliminarily, venue also appears to be proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the alleged events or omissions giving rise to Ms. Showell's claims allegedly occurred in the Western District of Pennsylvania at the State Correctional Institution at Somerset ("SCI-Somerset").

## III. Procedural History

Ms. Showell initiated this action *pro se* by filing her Complaint with this Court on April 3, 2017. (ECF No. 1.) However, according to the Department, Ms. Showell did not serve a summons on the Department until April 24, 2018 and did not include a copy of the Complaint with this summons.[2] (ECF Nos. 3, 5.)

The Department filed the instant Motion to Dismiss and accompanying brief in support thereof on June 21, 2018.[3]

---

[2] The Court notes that the Department has not moved to dismiss on the basis of improper service.
[3] By Order of May 10, 2018, the Court extended the Department's response deadline until June 22, 2018. (See ECF No. 6.)

On July 2, 2018, the Court received a document entitled "Motion (Not) to Dismiss" from Ms. Showell. (ECF No. 10.) As stated in this Court's Order of July 2, 2018, the Court construed this document as a request to extend Ms. Showell's deadline to respond to the Department's Motion to Dismiss. (*See* ECF No. 11.) This Court granted Ms. Showell such an extension, permitting her to respond to Defendant's Motion to Dismiss on or before August 2, 2018. (*See id.*)

On July 25, 2018, the Court received a voluminous set of documents from Ms. Showell. (*See* ECF Nos. 12-15.) These documents consist of: (1) a copy of a letter purportedly sent to the FBI asking the FBI to investigate wrongdoing by the Department, namely a co-worker driving past her house, and an "animal head in [her] yard" (ECF No. 12); (2) a document labelled "Orders for Judge Gibson," which apologizes for the "nasty and vulgar" nature of an unspecified writing by Ms. Showell (ECF No. 13); (3) a "Motion for Discovery," which appears to ask that this Court order the Department to release "documentation of discrimination and/or retaliation" (ECF No. 14.); and (4) 456 pages of unexplained exhibits. (ECF No. 15.)

IV.  **Factual Allegations Set Forth in the Complaint**

For the purposes of deciding the Department's Motion to Dismiss, the Court accepts the allegations of Ms. Showell's Complaint as true. *See infra* Part V.

The Complaint in this matter lacks many basic details, and, frankly, the Court struggles to grasp some of the most rudimentary information surrounding the alleged events underlying Ms. Showell's claims or to identify the causes of action Ms. Showell sought to bring.

The Complaint asserts that Ms. Showell filed a complaint with the EEOC for "racial discrimination and retaliation" and received a "Dismissal/Right to Sue letter." (ECF No. 1 at 6, ¶ 1.) The Complaint does not refer to any other EEOC filings. The Complaint also states that, in a response to the EEOC, Attorney Laura J. Neal—a DOC attorney—admitted that "MS. SHOWEL [sic] WAS DISCRIMINATED AND RETAILATED [sic] AGAINST" and stated that "taking the reprimand taken [sic] off my file should be good enough." (*Id.* at 1, ¶ 2.)

The Complaint alleges that Ms. Showell was employed at the Department for six-and-one-half years in an unspecified capacity. (*Id.* at 1, ¶ 3.) The Complaint then provides a wholly conclusory list of possible claims against the Department—entirely devoid of supporting factual allegations. The Complaint vaguely lists non-specific claims, which the Court charitably construes as claims for: (1) racial discrimination, under an unspecified source of law; (2) retaliation, under an unspecified source of law; (3) harassment, under an unclear source of law; (4) hostile work environment, under an unclear source of law; (5) violation of the Eighth Amendment prohibition on cruel and unusual punishment; (6) discrimination under the Americans with Disabilities Act ("ADA"); (7) retaliation under the ADA; and (8) violation of the Family Medical Leave Act ("FMLA").[4] (*Id.*)

The Complaint offers remarkably few factual allegations to support these claims. After simply providing the aforementioned list of potential claims, the Complaint states:

---

[4] The Court notes that Ms. Showell's "Orders for Judge Gibson" implies that the facts underlying this case involve sexual harassment (*see* ECF No. 13 at 1), but the Complaint fails to include any references to sexual harassment, other than those potential claims numbered 3 and 4 above. (*See* ECF No. 1.)

> I was the primary care giver of my mother who suffers with the illness of Dementia and Altimtzers. Approximately two and half years the DOC still discriminated and retaliated against. Other white staffers were being given transfers close to home to take care of the loved ones but I was denied several times because of race and retaliating because I had put in several complaints on the DOC. As of 2016 I am still harassed through the Federal Family Medical Leave Act. Every year I fill out the paperwork for my FMLA the DOC send it back two to three times to me refile the same paperwork.

(*Id.*)

The final paragraph of the "Statement of Claims" portion of the Complaint seems to imply that Ms. Showell requested a hardship transfer to SCI-Somerset in order to take care of her sick mother, but, when Ms. Showell was "finally given" this transfer after a wrongful delay, the transfer was not a "lateral transfer" because "you should get you [sic] same shift." (*Id.* at 7, ¶ 4.)

In sum, to the best of this Court's ability to determine, the Complaint appears to allege that Ms. Showell made a number of requests to have her unknown employment at an unknown state correctional institution transferred to SCI-Somerset because of her mother's dementia. Yet, despite eventually being granted, Ms. Showell's transfer requests were somehow delayed for an unspecified period of time because of unspecified discrimination by the Department against Ms. Showell's unspecified race and/or in retaliation for her unspecified complaints to the Department. Furthermore, once transferred, Ms. Showell appears to have been placed on a different shift.

The Complaint features no other pertinent factual allegations to support what the Court has construed *supra* as eight potential claims.

The Complaint's only request for relief is "for monetary punitive damages" of $6.5 million, plus costs and attorney fees.[5] (*See* ECF No. 1 at 9.) The Complaint does not seek injunctive relief or any other remedy.

V.     **Standard of Review**

A complaint may be dismissed under Federal Rule of Civil Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). But, detailed pleading is not generally required. *Id.* The Rules demand only "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps.[6] First, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth.") (citation omitted). Finally, "[w]hen there are

---

[5] Again, the Court notes that Ms. Showell has proceeded *pro se* throughout this litigation. Thus, the request for attorney fees seems inappropriate.

[6] Although *Iqbal* described the process as a "two-pronged approach," *Iqbal*, 556 U.S. at 679, the Supreme Court noted the elements of the pertinent claim before proceeding with that approach, *id.* at 675–79. Thus, the Third Circuit has described the process as a three-step approach. *See Connelly*, 809 F.3d at 787; *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 n.4 (3d Cir. 2011) (citing *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010)).

-6-

well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.; see also Connelly*, 809 F.3d at 786. Ultimately, the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## VI.   Discussion

The Court must dismiss all of Ms. Showell's claims because she has failed to plead sufficient factual matter to satisfy the required elements of any of her claims, as required by the United States Supreme Court and the United States Court of Appeals for the Third Circuit. *See supra* Part V; *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).

Despite this Court's best efforts, the Court cannot confidently determine the causes of action that Ms. Showell seeks to bring, let alone identify non-conclusory and plausible factual allegations necessary to state those claims. *See supra* Part V. More fundamentally, even had the Supreme Court not established a more probing "plausibility" pleading standard in *Twombly* and *Iqbal, see supra* Part V, the Complaint would still warrant dismissal because it fails to give the Department fair notice of what the Ms. Showell's claims are and the grounds upon which they rest. *See Twombly*, 550 U.S. 5 at 555 (quoting Fed. R. Civ. P. 8(a)(2)).

Regardless of whether this Court construes Ms. Showell's Complaint as an attempt to pursue claims under Title VII, the ADA, the FMLA, or the Eighth Amendment, the

Complaint simply does not state cognizable claims because those sources of law are either manifestly inapplicable or the Complaint is devoid of the requisite factual allegations. In most instances, the Complaint does not even offer the [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that would fail under the standard established by the United States Supreme Court in *Twombly* and *Iqbal*. *See Iqbal*, 556, U.S. at 678; *Twombly*, 500 U.S. at 555; *see also Muldrew v. Joseph McCormick Const. Co., Inc.*, 2014 WL 3890336, at *6 (W.D. Pa. Aug. 8, 2014) (Fischer, J.). Rather, the causes of action themselves are scarcely evident from the Complaint. *See Bin Kang v. City of Philadelphia*, Civil Action No. 14-4010, 2015 WL 4772804, at *4 (E.D. Pa. Aug. 13, 2015) (holding that dismissal is required where Title VII allegations "amount to nothing more than the barest form of labels and conclusion.'").

The closest the Complaint comes to offering meaningful factual allegations is (1) a passing reference to "[o]ther white staffers . . . being given transfers close to home to take care of loved ones but I was denied several times" and (2) the implication that, once the Department granted Ms. Showell's hardship transfer she was given a different shift than she previously held. (*See* ECF No. 1 at 6-7.) Yet, even when these two allegations are construed in the light most favorable to Ms. Showell and all reasonable inferences from these allegations are taken in Ms. Showell's favor, *see Connelly*, 809 F.3d at 786, the Complaint is still insufficient to state a claim under Title VII, the ADA, the Eighth Amendment, or the FMLA.

From the Complaint, the Court cannot ascertain the most basic details, including, *inter alia*, Ms. Showell's position with the Department, where Ms. Showell worked for the

Department, when any of these alleged events occurred, where these alleged events occurred, Ms. Showell's race,[7] when Ms. Showell requested a transfer, how long Ms. Showell's transfer request was delayed before it was granted, how Ms. Showell was harmed by this delay, any explanations or statements made by the Department or its agents, how Ms. Showell's position was changed/inferior after her transfer, or any connection between Ms. Showell's race/gender/disability or other protected status and the alleged mistreatment she suffered. The Complaint does not include any allegations of discrimination—except for the merely conclusory allegation that "[o]ther white staffers [were] given transfers close to home"—to suggest that any mistreatment Ms. Showell experienced had any connection to her race, gender, disability, or other protected classification.

The Department argues in its brief that some of Ms. Showell's potential claims should be dismissed because they were not raised before the EEOC or because of sovereign immunity under the Eleventh Amendment. (*See* ECF No. 9 at 5-6.) These arguments may very well be meritorious. However, as the Department's brief also acknowledges (*see id.* at 4), the Complaint's lack of essential details makes it impossible for the Department to fairly respond—either by answering the allegations or crafting applicable defenses—because the Complaint does not give the Department fair notice of what the Ms. Showell's claims are

---

[7] The Complaint refers to "[o]ther white staffers" being given transfers while Ms. Showell's transfer requests were denied several times prior to being trained. (ECF No. 1 at 6, ¶ 3.) The Complaint never states Ms. Showell's race and, arguably, the wording of this sentence implies that Ms. Showell is Caucasian if "*[o]ther* white staffers" were given transfers. Regardless, the Court cannot infer Ms. Showell's unspecified race from the Complaint's silence. The Complaint appears to pursue a claim for racial discrimination, but the Court cannot assume essential, unstated factual allegations (such as Ms. Showell's race), especially when the Complaint could also (or alternatively) be seeking to state claims for other forms of discrimination, such as sex or disability discrimination.

and the grounds upon which they rest. *See Twombly*, 550 U.S. 5 at 555 (quoting Fed. R. Civ. P. 8(a)(2)). Therefore, the Court grants the Department's Motion to Dismiss for the Complaint's failure to plead plausible, non-conclusory, and discernable causes of action with sufficient factual allegations—not for Ms. Showell's potential failure to exhaust administrative remedies, the existence of sovereign immunity, or the applicability of any affirmative defense.

The Court certainly does not preclude the Department from raising these issues again in future. To the contrary, the Court notes that employment discrimination claims require that a plaintiff must file a charge of discrimination form with the EEOC and wait for the EEOC to investigate the claim and issue a right-to-sue letter before filing a law suit. *See Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001) (articulating the administrative process for discrimination claims); *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997) ("It is a basic tent of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief."). And, to any extent Ms. Showell has not exhausted these administrative remedies, her claims are barred. *See Burgh*, 251 F.3d at 470; *Robinson*, 107 F.3d at 1022.

The Complaint submits that Ms. Showell filed a charge of discrimination form and received a right-to-sue letter in regard to "racial discrimination and retaliation." Yet, based on the content, or lack thereof, of the Complaint, Ms. Showell's other potential claims for sex discrimination or disability discrimination were not included in Ms. Showell's charge of discrimination to the EEOC or its right-to-sue letter.

Likewise, the Department's arguments regarding sovereign immunity under the Eleventh Amendment may be meritorious. And, entirely unmentioned by the Department's brief, the Court also recognizes that Ms. Showell's potential claim for a violation of the Eighth Amendment's prohibition on cruel and unusual punishment, unless the allegations of the Complaint are radically altered, is fundamentally flawed because, at worst, Ms. Showell appears to have had her employment transfer unfairly delayed—rather than being a mistreated inmate who suffered punishment grossly out of proportion with the severity of a crime. *See generally Montgomery v. Louisiana*, 136 S. Ct. 718 (2016).

But, this Court will not decide the merits of these arguments when the underlying allegations of the Complaint are so sparse and lacking in detail that the claims, basic facts, and applicability of these arguments are impossible to determine. When the merely conclusory statements in the Complaint are removed, *no* allegations remain to support Ms. Showell's potential causes of actions. *Iqbal*, 556 U.S. at 675; *Burtch*, 662 F.3d at 224. In short, the Court dismisses the Complaint for failure to state a claim upon which relief can be granted due to its inadequate factual allegations and lack of clarity as to the causes of actions Ms. Showell seeks to pursue and the grounds upon which her claims are based. *See Guirguis v. Movers Specialty Servs.*, 346 F. App'x 774, 776 (3d Cir. 2009) (stressing that the pleading's factual content must independently "permit the court to infer more than the mere possibility of misconduct.").

Lastly, the Court will address three outstanding issues. First, the Court dismisses the entire complaint *without* prejudice because the Court is unable to assess whether amendment of the claims would be futile. *See Campbell v. M&T Bank*, Case No. 3:16-cv-118,

2018 WL 401523, at *12-*13 (W.D. Pa. Jan. 12, 2018) (Gibson, J.) (citing cases on granting or denying leave to amend based on futility).

Second, the Court acknowledges that Ms. Showell sent 456 pages of miscellaneous, unexplained documents to this Court. However, the Court simply cannot comb through these countless documents to craft a valid Complaint for Ms. Showell. Such an endeavor would be infeasible given the Court's hefty docket, unfair to other litigants who do not receive such preferential treatment, and would erode the role of the Court as a neutral arbiter of the case by converting the Court into an advocate for Ms. Showell. *See Morris v. Kesserling*, 2010 WL 4362630, at *2 (M.D. Pa. Oct. 27, 2010) (citing *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)) ("[N]o judge should be forced to search through a complaint like a pig hunting for truffles."); *Jones v. Se. Pa. Transp. Auth.*, 796 F.3d 323, 331 (3d Cir. 2015) (same); *DeShields v. Int'l Resort Prop.*, 463 F. App'x 117, 120 (3d Cir. 2012) (same); *see also Commonwealth v. Hall*, 867 A.2d 619, 629 n.1 (Pa. Super. Ct. 2005) (stating that a Court cannot act as a party's attorney).

This Court holds Ms. Showell's complaint and all *pro se* complaints, "however inartfully pleaded," to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But, this Court will not and cannot act as Ms. Showell's attorney, *see Hall*, 867 A.2d at 629 n.1, and, while the Court is more lenient to *pro se* parties, *pro se* plaintiffs must still author minimally-sufficient Complaints which feature allegations necessary to comply with the Federal Rules of Civil Procedure. *See Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)) (providing that Complaints must offer "a

short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of what the claim is and the grounds upon which it rests.).

Third, Ms. Showell filed a document entitled "Motion for Discovery" with this Court on July 25, 2018. (ECF No. 14.) Given the disposition of the Department's Motion to Dismiss, the Court denies this Motion for Discovery because Ms. Showell's Complaint is dismissed in its entirety. Furthermore, under the Federal Rules of Civil Procedure, discovery does not commence until a later stage of the litigation. *See* Fed. R. Civ. P. 26(a)(1)(C) (requiring initial disclosures to be made at or within 14 days after the parties' Rule 26(f) conference, unless otherwise ordered); Fed. R. Civ. P. 26(f) (requiring the parties' Rule 26(f) conference to be held at least 21 days before the initial scheduling conference).

## VII. Conclusion

The Court grants the Department's Motion to Dismiss because of the Complaint's lack of cognizable, non-conclusory factual allegations. Thus, Ms. Showell's Complaint is dismissed in its entirety.

The Court sympathizes with the difficulty a *pro se* party faces in navigating the complexities of litigation in federal court. *See Campbell v. M&T Bank*, Case No. 3:16-cv-119, 2018 WL 401523, at *8 (W.D. Pa. Jan. 12, 2018) (Gibson, J.). As discussed *supra* Part VI, this Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines*, 404 U.S. at 520. However, although the Court favorably construes *pro se* pleadings, *pro se* parties must still satisfy the basic requirements of federal civil practice. *See Campbell*, 2018 WL 401523, at *8.

*Pro se* pleadings must still contain "sufficient factual matter; accepted as true; to state a claim to relief that is plausible on this face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted); *see also Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) ("[W]e nonetheless review the [pro se] pleading to ensure that it has sufficient factual matter; accepted as true; to state a claim to relief that is plausible on this face.") (internal quotation marks and citation omitted).

The Complaint in this matter fails to provide the Department with basic notice of the claims sought to be brought against it and falls far short of alleging sufficient facts to state a claim upon which relief can be granted under any of the causes of action this Court could infer from the scant information included in the Complaint. Therefore, despite the Court's understanding of the difficulty Ms. Showell faces in seeking to pursue this litigation without an attorney, the Court must dismiss all of Ms. Showell's potential claims.

In recognition of Ms. Showell's status as a *pro se* plaintiff and the possible complexity of her claims, this dismissal is without prejudice. Within the deadline set by the Order accompanying this Memorandum Opinion, Ms. Showell may amend her Complaint in an effort to adequately plead her claim(s). This Court recognizes that Ms. Showell may be unable to secure legal representation for this matter despite her best efforts, but recommends that, if she intends to amend her Complaint, the aid of counsel may be necessary to successfully traverse the labyrinth of federal civil litigation, especially in those complex areas that appear to underlie Ms. Showell's grievances.

A corresponding order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| VINETTE GEORGETTE SHOWELL, | ) | Case No. 3:17-cv-50 |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| PA DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**NOW**, this 9th day of August 2018, upon consideration of Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 8), and for the reasons set forth in the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 8) is **GRANTED**. Accordingly, Plaintiff's Complaint is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff is **HEREBY GRANTED** leave to amend her Complaint **on or before September 10, 2018.**

Lastly, **IT IS ORDERED** that Plaintiff's Motion for Discovery (ECF No. 14) is **DENIED**.

BY THE COURT

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE